AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (USAO rev. 12/20)  ☐ Original  ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

In the Matter of the Search of:

Case No. 2:22-MJ-3289

The premises located at 1124 Evergreen Lane, Port Hueneme, California ("**TARGET RESIDENCE 2**")

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

**See Attachment A-2**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**See Attachment B**

Such affidavit or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before 14 days from the date of its issuance *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

You must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.

Date and time issued:    8/19/22   10:19 A.M.

_____
*Judge's signature*

City and state: Los Angeles, California

CHARLES F. EICK, U.S. MAGISTRATE JUDGE
_____
*Printed name and title*

AUSA Gregory Bernstein: 213-393-5646 (cell)

**ATTACHMENT A-2**

**I.    PROPERTY TO BE SEARCHED**

The premises located at 1124 Evergreen Lane, Port Hueneme, California ("**TARGET PREMISES 2**"), its curtilage, and all structures and vehicles located on the curtilage. The premises is a one-story, brown stucco with white trim, detached residential house. The numbers "1124" are painted on the curb to the left of the driveway entrance. A photograph of **TARGET PREMISES 2** appears as follows:



**ATTACHMENT B**

**I.   ITEMS TO BE SEIZED**

1.   The items to be seized are evidence, contraband, fruits, or instrumentalities of 18 U.S.C. §§ 1349 (wire fraud conspiracy), 371 (conspiracy to steal government property and bribe public officials), 1343 (wire fraud), 641 (theft of government property), 201 (bribery of public officials), and 1957 (transactional money laundering) ("Target Offenses"), namely evidence related to the following:

　　　a.   Procurement, contracts, and task orders related to the United States military, including any of its branches and subcomponents,

　　　b.   C&C Power Solutions LLC, Mobile Utilities Support Equipment, Naval Facilities Engineering and Expeditionary Warfare Center, Port Hueneme, Argo Systems LLC, Girtz Industries, RCJ Construction, MCM Engineering II, Cummins Corporation, Advanced Manufacturing and Power Systems, Coast Line Power Solutions, GridOps LLC, COS Link LLC, Club Deportivo La Esperanza, RESA Power, Navy Federal Credit Union, and RCJ Construction and Ricardo "Rick" Rodriguez,

　　　c.   Luke Leifeste and Timothy Duvall, including payments to or communications with those individuals,

　　　d.   Power stations and power components, including generators, power plants, and substations

　　　e.   The receipt, maintenance, or disposition of the proceeds of the Target Offenses, including the means by which **Wright** and others maintained, concealed, or laundered money

39

received pursuant to military contracts, including business and financial records,

f.   Rock Source Management and Consulting, Veterans Sports Management, Luther Davis, and sports agency and management,

g.   Lamborghini, Mercedes Benz, and other car dealerships,

h.   Records or items containing indicia of occupancy, residency or ownership of any location or vehicle being searched, including keys, rental agreements, leases, utility bills, identity documents, cancelled mail, surveillance video, and mail matter (including mail matter not addressed to or from the particular **TARGET PREMISES**),

i.   Financial and monetary instruments, including currency over $1,000, money orders, cashier's checks, casino chips, precious metal coins, prepaid debit or credit cards, and cryptocurrency, and records pertaining to financial and monetary instruments,

j.

k.   Public storage units, rental cars, prepaid cell telephones, safety deposit boxes, PO Boxes, commercial mail receiving agencies, virtual or shared offices, and alternate identities, including identification documents (whether genuine or fraudulent),

l.   Documents and records showing electronic and telephone contacts and numbers called or calling, such as SIM

cards, address books, call histories, telephone bills, and ICQ, Telegram, and email addresses,

m.    Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Target Offenses, and forensic copies thereof,

n.    With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

i.    evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence,

ii.    evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software,

iii. evidence of the attachment of other devices,

iv.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device,

v.    evidence of the times the device was used,

vi.    passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device,

41

vii. applications, utility programs, compilers,
interpreters, or other software, as well as documentation and
manuals, that may be necessary to access the device or to
conduct a forensic examination of it,

viii.    records of or information about
Internet Protocol addresses used by the device,

ix.  records of or information about the device's
Internet activity, including firewall logs, caches, browser
history and cookies, "bookmarked" or "favorite" web pages,
search terms that the user entered into any Internet search
engine, and records of user-typed web addresses.

2.  As used herein, the terms "records," "documents,"
"programs," "applications," and "materials" include records,
documents, programs, applications, and materials created,
modified, or stored in any form, including in digital form on
any digital device and any forensic copies thereof.

3.  As used herein, the term "digital device" includes any
electronic system or device capable of storing or processing
data in digital form, including central processing units,
desktop, laptop, notebook, and tablet computers, personal
digital assistants, wireless communication devices, such as
telephone paging devices, beepers, mobile telephones, and smart
phones, digital cameras, gaming consoles (including Sony
PlayStations and Microsoft Xboxes), peripheral input/output
devices, such as keyboards, printers, scanners, plotters,
monitors, and drives intended for removable media, related
communications devices, such as modems, routers, cables, and

connections, storage media, such as hard disk drives, floppy
disks, memory cards, optical disks, and magnetic tapes used to
store digital data (excluding analog tapes such as VHS), and
security devices.

**II.  SEARCH PROCEDURE FOR DIGITAL DEVICES**

4.    In searching digital devices or forensic copies
thereof, law enforcement personnel executing this search warrant
will employ the following procedure:

a.    Law enforcement personnel or other individuals
assisting law enforcement personnel (the "search team") will, in
their discretion, either search the digital device(s) on-site or
seize and transport the device(s) and/or forensic image(s)
thereof to an appropriate law enforcement laboratory or similar
facility to be searched at that location. The search team shall
complete the search as soon as is practicable but not to exceed
120 days from the date of execution of the warrant. The
government will not search the digital device(s) and/or forensic
image(s) thereof beyond this 120-day period without obtaining an
extension of time order from the Court.

b.    The search team will conduct the search only by
using search protocols specifically chosen to identify only the
specific items to be seized under this warrant.

i.    The search team may subject all of the data
contained in each digital device capable of containing any of
the items to be seized to the search protocols to determine
whether the device and any data thereon falls within the list of
items to be seized. The search team may also search for and

43

attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

       ii.  The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

       iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

     c.  The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

     d.  If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

     e.  If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

     f.  If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the

44

other items to be seized (after the time for searching the device has expired) absent further court order.

g.   The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

h.   After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

5.   The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

6.   In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

a.   Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above,

b.   Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data,

c.   Any magnetic, electronic, or optical storage device capable of storing digital data,

d.   Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device,

e.   Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device,

f.   Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device, and

g.   Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

7.   During the execution of this search warrant, law enforcement is permitted to: (1) depress the thumbs and/or fingers of **Wright** and **Aragon** onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific fingers and/or thumbs shall be depressed, and (2) hold the device in front of the face of **Wright** and **Aragon** with their eyes open to activate the facial, iris, or retina

recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in *Graham v. Connor*, <u>490 U.S. 386</u> (1989), specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

8.   The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.